IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge R. Brooke Jackson

Civil Action No. 14-cv-00015-RBJ

GERALD CRITTEN,

      Applicant,

v.

JUAN CASTILLO, Regional Director, and
LINDA T. MCGREW, Warden,[1]

      Respondent.

---

ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS

---

This matter comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 8), filed, *pro se*, by Applicant, Gerald Critten.   On May 23, 2014, the Court issued an Order to Show Cause to Respondents as to why the Application should not be granted.   (Docket No. 22).   Respondents filed a Response to Order to Show Cause (Docket No. 23) and Applicant filed a Reply (Docket No. 27).   Having considered the same, the Court will dismiss this action for the reasons discussed below.

---

[1] Juan D. Castillo is a Federal Bureau of Prisons (BOP) Regional Director for the Western Regional Office in Stockton, CA.   Linda McGrew is a BOP Assistant Director for the Central Office in Washington, D.C., formerly Warden at United States Penitentiary Victorville in California. The proper respondent to a habeas petition is the person with immediate physical custody over the petitioner, or the "ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); see also 28 U.S.C. § 2243 (providing that "[t]he writ, or order to show cause, shall be directed to the person having custody of the person detained").   The proper respondent to this § 2241 action is the Warden of

## I.  Background

In May 2011, Applicant was issued an incident report for fighting (Code 201) [2]
with his cell mate, and was found guilty of the charge in a prison disciplinary
proceeding.  (Docket No. 8 at 6).  The Disciplinary Hearing Officer (DHO) did not
make a finding, nor was any evidence presented, that a weapon was used in the
altercation.  (*Id.* at 7).

On December 19, 2011, Applicant was issued an incident report for Possession
of a Weapon (Code 104) based on the same incident for which he received the
disciplinary conviction for fighting.  (Docket No. 23-1 at 8).  The report, which was
issued by Special Investigative Services (SIS) Lieutenant K. Lopez, stated:

> On December 19, 2011, at approximately 1:00 p.m., I reviewed SIS Case
> Number VIP-11109, involving inmates Critten, Gerald, Reg. No.
> 08062-068, and Washington, Timothy, Reg. No. 05148-095.  This case
> occurred on May 1, 2011 at approximately 6:35 p.m., and involved an
> inmate on inmate assault charging inmate Critten with an assault on
> inmate Washington.  Washington sustained life threatening injuries and
> was escorted to an outside hospital for treatment.  Specifically,
> Washington received multiple stab wounds throughout the left side of his
> head, shoulder and forearm.  Inmate Critten was charged with the
> assault, however, he was not charged with possession of a weapon.
> According to the SIS investigation dated September 1, 2011, Critten
> admitted to retrieving a weapon during the assault and utilizing it during
> the incident.  This case was referred to the FBI and declined on August
> 20, 2011.

(*Id.*).

Following Applicant's appearance before the Unit Disciplinary Committee on
December 20, 2011, the disciplinary charge was referred to the DHO due to the severity

---

USP-Florence, where Applicant was incarcerated at the time of filing.

[2]The BOP's Prohibited Acts and Available Sanctions are codified at 28 C.F.R. § 541.3 (Table 1).

of the offense.   (*Id.*).

On December 21, 2011, Applicant received a notice of Inmate Rights at Discipline Hearing, which advised him of his rights to receive a written copy of the charges against him at least 24 hours before the disciplinary hearing; to be assigned a staff representative for the hearing; to call witnesses and to present documentary evidence; and, to be advised of the DHO's decision.   (ECF No. 23-1 at 11).

On January 25, 2012, Applicant appeared before the DHO at a disciplinary hearing.   (ECF No. 23-1 at 13).   Applicant confirmed that he had received a copy of the incident report, did not want to call any witnesses, and had no documentary evidence to submit.   (*Id.* at 15).   Applicant's staff representative told the DHO that the other inmate involved in the altercation did not receive an incident report for possession of a weapon. (*Id.*).   Applicant also questioned the time frame concerning completion of the incident report because the incident had occurred on May 1, 2011.   (*Id.*).   The DHO explained that, as indicated in the incident report, staff were not aware that Applicant used a weapon during the incident until approximately 4 months later.   (*Id.*). The DHO concluded that Applicant was guilty of possession of a weapon based on the following evidence: the reporting officer's statement; the chain of custody log, which indicated that a six-inch metal weapon that was sharpened to a point was recovered at the scene of the physical altercation; a staff memorandum summarizing statements made by Applicant and the victim during the SIS investigation; and, photographs of the victim's injuries which showed numerous stab wounds to his face and arm. (*Id.*). Applicant was sanctioned with the disallowance of 41 days of good conduct time

credits.   (ECF No. 23-1 at 14-15).

A copy of the DHO Report was provided to Applicant on February   9, 2012.   (*Id.*
at 16).

Following his exhaustion of administrative remedies, Applicant filed a § 2241
Application in which he asserts four claims: (1) his due process rights were violated
because the December 2011 disciplinary conviction for possession of a weapon
punished him for the same May 2011 conduct that resulted in his disciplinary conviction
for fighting; (2) the December 2011 Incident Report was untimely and a violation of his
due process rights and Administrative Rules 541 (28 C.F.R. § 541); (3) the DHO
conviction violated his due process rights because there was insufficient evidence that
Applicant possessed a weapon in the May 1, 2011 fight; and, (4) Respondents' refusal
to expunge his disciplinary conviction for possession of a weapon violated his Eighth
Amendment right to be free from cruel and unusual punishment, as well as BOP
administrative rules.

## II.  Legal Standards

### A. § 2241 Actions

The writ of habeas corpus is available if a prisoner "is in custody in violation of
the Constitution or laws or treaties of the United States.   28 U.S.C. § 2241(c)(3).   A
section 2241 habeas proceeding is "an attack by a person in custody upon the legality
of that custody, and . . . the traditional function of the writ is to secure release from
illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997)
(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).   A § 2241 application must

be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).   "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *see also Rumsfeld*, 542 U.S. at 440-41.[3]

Prison disciplinary proceedings that result in the deprivation of good-time credits may be challenged in a § 2241 proceeding.   *McIntosh*, 115 F.3d at 811-12.

### B.  *Pro Se* Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).   *Pro se* status does not entitle the litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### C.  Due Process

---

[3]Applicant is presently incarcerated at FCI-Hazelton, in Brucetown Mills, West Virginia.   At the time he initiated this action, he was incarcerated at USP-Florence, Colorado.

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (applying law to federal prisoner) (quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.1996) (internal quotation marks and citation omitted)).   However, "[p]rison disciplinary   proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).

In addition, to comport with due process, there must be some evidence to support a disciplinary conviction.   *Hill*, 472 U.S. at 454.   "Ascertaining whether this standard is satisfied does not require examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.   A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.'" *Mitchell*, 80 F.3d at 1445 (10th Cir. 1996) (quoting *Hill*, 472 U.S. at 457).

Applicant does not claim that he was denied the opportunity to present a defense

through witnesses or documentary evidence, or that he received a written statement

from the DHO of the evidence relied on and the reasons for the disciplinary action.   At

issue is whether he received advanced notice of the disciplinary charge and whether

there was some evidence to support the disciplinary conviction.

### III.   Analysis

#### A.   Double Jeopardy Claim

Applicant first contends that his due process rights were violated because he

was punished twice for the May 1, 2011 incident – once for fighting and a second time

for possession of a weapon.

The Court construes Applicant's contention as a double jeopardy challenge to his

disciplinary conviction for possession of a weapon.   The Double Jeopardy Clause of

the Fifth Amendment protects a defendant in a criminal proceeding from multiple

prosecutions or punishments for the same offense.   *See North Carolina v. Pearce*, 395

U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794

(1989).   However, jeopardy attaches only to proceedings which are "essentially

criminal" in nature. *Breed v. Jones*, 421 U.S. 519, 528 (1975).   "Prison disciplinary

hearings are not part of a criminal prosecution, and therefore do not implicate double

jeopardy concerns." *Lucero v. Gunter*, 17 F.3d 1347, 1350 (10th Cir.1994) (citation

omitted).

Furthermore, although the two disciplinary convictions arose out of the same

incident, Applicant was punished for different conduct – fighting (Code 201) and

possession of a weapon (Code 104).

Applicant has failed to demonstrate that imposing two separate disciplinary

7

convictions for the same incident violated his federal constitutional rights.   Therefore, claim one will be dismissed.

### B. Timeliness of Incident Report for Possession of a Weapon

Applicant next asserts that the December 2011 Incident Report was untimely and a violation of his due process rights and Administrative Rules 541 (28 C.F.R. § 541).

A BOP regulation provides that inmates "will ordinarily receive the incident report within 24 hours of staff becoming aware of [an inmate's] involvement in the incident." 28 C.F.R. § 541.5(a).   The Tenth Circuit has stated in an unpublished decision that time frames in BOP regulations "are aspirational, not mandatory." *See Dedrick v. Daniels*, No. 10-1183, 386 F. App'x 810, 811 (10th Cir. 2010) (unpublished) (finding). However, even if the BOP regulation can be construed to require prison staff to serve an inmate with a copy of disciplinary charges within a certain amount of time after the incident, "[a] failure to adhere to administrative regulations does not equate to a constitutional violation." *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir.1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)).

*Wolf* requires only that an inmate in a prison disciplinary action receive written notice of the charges no less than 24 hours before the hearing on those charges.   *See id.*; *see also Wolff*, 416 U.S. at 564; *Dedrick*, 386 F. App'x at 811.   It is undisputed that Applicant received a copy of the incident report more than one month before the DHO hearing.   Because Applicant received notice of the charges more than 24 hours before the prison disciplinary hearing, as required by *Wolff*, his due process rights were not violated by the delay between the incident that occurred several months prior and his

8

receipt of the incident report.   *See, e.g.*, *Sinde v. Gerlinski*, 252 F. Supp. 2d 144, 149 (M.D. Pa. 2003) (finding eight-month delay between preparation of incident report and service on inmate did not violate inmate's constitutional rights); *Homen v. Hasty*, 229 F. Supp.2d 290, 296 (S.D.N.Y. 2002) (receiving incident report four months after alleged incident not violate inmate's constitutional rights).   Applicant thus cannot prevail in his second claim.

### C.  Insufficient Evidence

In claim three, Applicant maintains that the disciplinary conviction violated his due process rights because there was insufficient evidence that he possessed a weapon in the May 1, 2011 fight.   Specifically, Applicant argues that the BOP did not introduce the actual weapon at the DHO hearing, nor did the BOP introduce any DNA evidence to link Applicant to the weapon that was found in the area of the incident; fingerprint evidence; or, pictures of the weapon.   (Docket No. 8 at 10).

The DHO concluded that Applicant was guilty of the charge of possession of a weapon based on the SIS Lieutenant's statement in the Incident Report.   (Docket No. 23-1 at 15).   The Incident Report stated that on September 1, 2011, during an SIS investigation of the May 1, 2011 fight between Applicant and inmate Washington, Applicant admitted to retrieving a weapon during the assault and utilizing it during the incident.   (*Id.* at 8; *see also* September 1, 2011 Memorandum to Case File from SIS Lieutenant Lopez, *id.* at 18-19).   Staff further reported that inmate Washington sustained life-threatening injuries—namely, multiple stab wounds throughout the left side of his head, shoulders and forearm—and was escorted to an outside hospital for treatment. *Id.*   The DHO report indicates that the weapon was destroyed sometime

after it was confiscated, before the disciplinary hearing.   (Docket No. 23-1 at 15).

However, the DHO relied on a chain of custody log which indicated that a six-inch metal

weapon sharpened to a point was recovered at the scene of the physical altercation.

(*Id.*).   The DHO found that the weapon described was capable of inflicting serious

life-threatening injuries or death.   (*Id.*).   The DHO also relied on photographs of the

victim that showed multiple stab wounds to his face and arm.   (*Id.*).   Applicant did not

make a statement in his own defense at the disciplinary hearing.   (*Id.*).

Contrary to Applicant's assertions, the "some evidence" standard does not

require the BOP to submit corroborating physical evidence of an inmate's guilt.   *See*

*Longstreth v. Franklin*, No. 07-6026, 240 F. App'x 264, 267 (10th Cir. June 29, 2007)

(unpublished) (finding no legal support for the petitioner's assertion that corroborating

evidence is necessary when the prisoner raises a credibility challenge to the reporting

officer's statement in the incident report).   The Court finds that the SIS Lieutenant's

description of the May 1, 2011 fight, the findings of the SIS during its subsequent

investigation, and the chain of custody log describing the weapon that was retrieved at

the scene, constitute some evidence that Applicant committed the disciplinary offense

of possession of a weapon.   *See id.*; *see also Ruelas v. Zuercher*, No. 07-1140, 240 F.

App'x 796, 797 (10th Cir. 2007) (holding that an incident report alone constitutes "some

evidence" of inmate's guilt).   Accordingly, Applicant's third claim lacks merit and will be

dismissed.

### D.   Eighth Amendment Claim

Finally, Applicant contends that his Eighth Amendment right to be free from cruel

and unusual punishment was violated by the Respondents' failure to expunge the

disciplinary conviction for possession of a weapon during the administrative review process and by their refusal to enforce administrative rules.   (Docket No. 8 at 11-12).

To the extent Applicant challenges the sanction of disallowance of 41 days of good time credits as a violation of the Eighth Amendment, his claim fails. The Eighth Amendment is violated when a punishment is grossly disproportionate to the severity of the offense.   *See Rummel v. Estelle*, 445 U.S. 263, 271-74 (1980).   In this case, the sanction imposed is within the limits prescribed for the offense of possession of a weapon, *see* 28 C.F.R. § 541.3 (Table 1).   Furthermore, possession of a weapon threatens institutional security.   The loss of 41 days of good time credits was not disproportionate to the severity of the offense.   *See also Levi v. Holt*, No. 05-5076, 192 F. App'x 158, 162 (3rd Cir. Aug. 17. 2006) (unpublished) (sanction for prison disciplinary conviction was not unconstitutionally excessive where it was within the sanctions permitted for high severity offenses under BOP regulations).

Moreover, although Applicant makes a general allegation that the Respondents violated 28 C.F.R. § 541, titled "Inmate Discipline and Special Housing Units," he does not state specific facts to show how a particular regulation was violated.   In any event, because the disciplinary conviction is supported by the some evidence and the disciplinary proceeding did not otherwise violate the Applicant's procedural due process rights, Respondents' failure to overturn the prison disciplinary conviction in the administrative appeal proceeding could not have offended the Constitution.

Applicant has failed to demonstrate a deprivation of his federal due process rights in conjunction with the prison disciplinary proceeding and therefore, he is not entitled to federal habeas relief.   Accordingly, it is

11

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 8), filed, *pro se*, by Applicant, Gerald Critten, is DENIED and this case is DISMISSED with prejudice.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated November 16, 2015, at Denver, Colorado.

BY THE COURT:

_____
R. BROOKE JACKSON
United States District Judge